IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEMETRIUS TERRELL
FREEMAN                                                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:19-cv-421-KHJ-FKB

LIEUTENANT UNKNOWN
PROVOST, R. LINDO, and
UNKNOWN INDIVIDUAL                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

This is a *Bivens*[1] action brought by a federal prisoner who was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo) during the relevant time period.[2] Demetrius Terrell Freeman alleges that the defendants, three prison officers at FCC-Yazoo, were involved in an incident during which they allegedly used excessive force on him. Before the Court is Defendant Reuben Lindo's Motion to Dismiss [44].[3] Plaintiff has filed a Motion in Opposition [46] to the motion to dismiss, and Defendant Lindo has filed a Reply [48]. Having considered the motions and the memoranda of the parties, the undersigned recommends that the Motion to Dismiss [44] be granted, and that Freeman's Motion in Opposition [46] be denied.

I.      PLAINTIFF'S ALLEGATIONS

Freeman's version[4] of the relevant events is set forth in his complaint, which alleges as follows. On or about December 5, 2017, Freeman pressed his cell's emergency button. [1] at 2-

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).
[2] Plaintiff is currently housed at the United States Penitentiary in Atwater, California.
[3] Defendant Provost has not answered or otherwise responded to the complaint. The third defendant has neither been identified nor served.
[4] At this Rule 12(b) motion to dismiss juncture, the Court accepts as true the factual allegations in Plaintiff's complaint. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011). A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facts are viewed in the light most favorable to Plaintiff. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

3. Defendant Provost responded to the call. *Id.* at 3. After using racial slurs and threatening Freeman with bodily harm and "OC gas," Provost entered his cell and applied hand restraints to a compliant Freeman. *Id.* Provost then removed Freeman from the cell, continuing to use racial slurs and shaking a "can of chemical agents." *Id.* Freeman advised Provost that he had a sickle cell condition, was experiencing complications, and could not be "sprayed." *Id.* Provost directed two unknown individuals to take Freeman to the unit's outside recreation field. *Id.* Along the way, Provost spit on the side of Freeman's face and said, "You wanna whup you a cracker, boy." *Id.* Freeman responded, "I do not use the term cracker, that is a term slaves used to describe the people that hit them with whips, and you ain't ever hit me with nothing." *Id.* Freeman then sat down and crossed his legs. *Id.* Provost became angry and continuously sprayed Freeman with "OC gas" for several seconds, while Freeman was in a seated position, with his legs crossed and his hands in restraints behind his back. *Id.* at 3-4. The chemical spray soaked Plaintiff's scalp, ran down his back, caused him excruciating pain, and prompted nearby inmates to cough and press their emergency buttons. *Id.* Freeman alleges in his complaint that, instead of putting him in a "decontamination station," Provost placed him in a hot shower that "act[ed] as a catalyst to the chemical agents," thereby exacerbating his sickle cell condition. *Id.* at 4-5. Freeman claims that he received inadequate medical treatment following the incident, and that for weeks he suffered from "multiple episodes" of vomiting, loss of sleep, hair loss, and skin discoloration on his scalp and back. *Id.* He also alleges this event triggered a "sickle cell crisis" that was untreated by medical staff. *Id.* Plaintiff seeks monetary compensation and alleges that he suffers

from post-traumatic stress disorder, as well as mental and emotional distress as a result of the incident.  [1] at 5-6.

In a later filing, Freeman identified Defendant Lindo as one of the two other unknown defendants involved in the incident.  [19] at 2-3.  In response to the motion to dismiss, Freeman, for the first time, asserts that Defendant Lindo, not Defendant Provost, used excessive force and acted with deliberate indifference by holding him in the hot shower after Provost sprayed him with a chemical agent.  [46] at 2-3.  He also makes clear that he is suing Lindo in his individual capacity, not his official capacity. *Id.* at 2.

In Lindo's Motion to Dismiss, he argues, *inter alia*, that the complaint fails to state a claim because no remedy currently exists under *Bivens* for Freeman's alleged Eighth Amendment claim of excessive force.  *See* [45] at 4-16.  He also asserts that *Bivens* should not be extended to include one.  *Id.*

## II.   DISCUSSION

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers in their individual capacities for violations of constitutional rights.  *Bivens* involved a Fourth Amendment claim for unreasonable search and seizure.  *See Bivens*, 403 U.S. at 397.  Subsequently, the Supreme Court recognized two other implied causes of action under the *Bivens* doctrine:  a Fifth Amendment equal protection claim for employment discrimination by a federal official, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim by a federal prisoner for inadequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980).

More recently, the  Supreme Court has expressed doubt about its authority to imply causes of action where Congress has not expressly legislated them, describing the expansion of

3

the *Bivens* remedy as "a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)(quoting *Ashcroft v Iqbal*, 556 U.S. 662, 675 (2009)).  In *Ziglar*, the Supreme Court set out a two-part analysis for determining whether a claim should be implied under *Bivens*.  In the first part of the analysis, the court determines whether the case under consideration involves a "new context," that is, whether it is "different in a meaningful way" from the three previous *Bivens* actions approved by the Supreme Court.  *Id.* at 1859.  If not, then the case may proceed under *Bivens*.  If, however, the answer is in the affirmative, the court must go on to determine whether there are "special factors counselling hesitation in the absence of affirmative action by Congress."  *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18).

This Court has previously determined that the *Bivens* remedy does not extend to allegations of excessive force under the Eighth Amendment.  *See Brown v. Nash*, No. 3:18cv528-DPJ-JCG, 2019 WL 7562785, at *4-6 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020).  More specifically, in *Brown* this Court concluded that *Bivens* could not be expanded to provide relief to a federal prisoner at FCC-Yazoo who claimed that an officer's application of chemical spray constituted cruel and unusual punishment under the Eighth Amendment.  *Brown*, 2019 WL 7562785 at *6.

Other courts have found that federal prisoners' Eighth Amendment claims presented "a new context" differing in "a meaningful way" from previous extensions of *Bivens*.  *See Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1170 (E.D. Cal. 2018)(assault); *Taylor v. Lockett*, No. 5:17-cv-23-Oc-02PRL, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2019)(sexual assault); *see also Abdo v. Balsick*, No. 18-cv-1622-KMT, 2019 WL 6726230, at *6-7 (D. Colo. Dec. 11,

4

2019)(finding that plaintiff's "excessive force claims, deliberate indifference claims based on purported failures to adequately remove pepper spray from [the p]laintiff's face and a failure to intervene claim arising out of one of the excessive force claims" presented new *Bivens* contexts).

Likewise, Freeman's excessive force claims against Lindo arise under the Eighth Amendment's prohibition against cruel and unusual punishment. Broadly construing his complaint and subsequent filings, he may allege a claim against Lindo for failure to intervene against a use of excessive force when Provost sprayed him with "OC gas." *See* [46] at 2; *see also Abdo*, 2019 WL 6726230 at *6. As in *Brown,* Freeman's claim of excessive force against Lindo stems from an application of "OC gas," after which Lindo allegedly used force to physically place Freeman in a hot shower that caused him pain and suffering. Both claims present new contexts and differ in meaningful ways from previous extensions of *Bivens*, and courts have declined to extend *Bivens* to both types of claims.[5]

Furthermore, "special factors" counsel hesitation in expanding relief. At the center of the analysis is the principle of separation of powers. *Ziglar*, 137 S. Ct. at 1857. The Fifth Circuit has described this "counselling hesitation" standard as "remarkably low." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). If any special factor exists, no implied cause of action may be created. *Id.*

---

[5] The undersigned also considered whether Freeman could assert a viable failure to provide medical care claim against Lindo, based on the facts alleged in his complaint and subsequent filings. Such a claim does not appear cognizable under existing authorities. *See Abdo*, 2019 WL 6726230, at *6 (distinguishing between chronic medical conditions, for which *Bivens* claims exist for failure to provide medical care under *Carlson* and other cases, and injuries arising from prison guard's use of chemical spray on inmate, and finding that claim for prison guard's failure to provide medical care for the latter would present new *Bivens* context).

5

One special factor identified in *Ziglar* is the presence of an alternative remedial structure. *See Ziglar*, 137 S. Ct. at 1858.  Courts often cite a prison grievance system as such a structure. *See, e.g., Widi v. Hudson*, No. 9:16-cv-1042 (FJS/DJS), 2019 WL 3491250, at *4 (N.D. N.Y. Aug. 1, 2019); *Taylor*, 2019 WL 764023, at *7 (collecting cases). That factor is present here in the form of the administrative remedy process of the Bureau of Prisons (BOP).

Other special factors are present.  There is "legislative action suggesting that Congress does not want a damages remedy" because it considered prisoner abuse in the context of passing the Prison Litigation Reform Act of 1996.  *Brown*, 2019 WL 7562785, at *6 (quoting *Abbasi*, 137 S. Ct. at 1865).  The most compelling factor counseling hesitation here is that this case involves the matter of institutional safety and order.  As another court stated, "Congress is better suited than the judiciary to 'balance the challenges prison administrators and officers face in maintaining prison security against the expansion of the private right of action for damages.'" *Taylor*, 2019 WL 764023, at *8 (citing *Morgan v. Shivers*, 2018 WL 618451, at *6 (S.D.N.Y. January 29, 2018)).

The existence of even one factor that counsels hesitation requires that a court refrain from an expansion of *Bivens*.  *Canada*, 950 F.3d at 309.  Accordingly, the undersigned concludes that Plaintiff's Eighth Amendment claims against Defendant Lindo for excessive force, as well as a broadly construed claim for failure to intervene against a use of excessive force, may not be brought pursuant to *Bivens*.

III.   CONCLUSION

For these reasons, the undersigned recommends that Defendant's Motion to Dismiss [45] be granted, and Plaintiff's Motion in Opposition [46] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 27th day of January, 2021.

s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE