IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEMETRIUS TERRELL FREEMAN                                PLAINTIFF

V.                                   CIVIL ACTION NO. 3:19-CV-421-KHJ-FKB

LIEUTENANT UNKNOWN PROVOST;                              DEFENDANT
R. LINDO; and UNKNOWN INDIVIDUAL

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge F. Keith Ball. [53]. The Report recommends that the Court grant Defendant Reuben Lindo's Motion to Dismiss [44] and deny Plaintiff Demetrius Terrell Freeman's Motion in Opposition [46]. Written objections to the Report were due by February 10, 2021. The Report notified the parties that failure to file written objections to the findings and recommendations by that date would bar further appeal in accordance with 28 U.S.C. § 636. [53] at 7. Freeman filed no objection.

When no party has objected to a magistrate judge's report and recommendation, the Court need not review it de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Freeman brings a *Bivens*[1] claim for excessive force in violation of his Eighth Amendment rights. Report [53] at 4-5. As the Magistrate Judge acknowledged in his Report, this Court has not extended *Bivens* to an Eighth Amendment claim for excessive force. *Id.* at 4 (citing *Brown v. Nash*, No. 3:18-CV-528-DPJ-JCG, 2019 WL 7562785, at *4-6 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020)). Because the Court finds this type of claim is a "new context" for *Bivens* to be applied, it must determine if "'special factors' counsel[] hesitation to extending a *Bivens* claim to this context." *Canada v. United States*, 950 F.3d 299, 306 (5th Cir. 2020) (quoting *Ziglar v. Abbasi*, --- U.S. ----, 137 S. Ct. 1843, 1857 (2017)). If one special factor exists, the Court must refrain from extending *Bivens*. *Id.* at 309 (citing *Maria S. v. Garza*, 912 F.3d 778, 784 (5th Cir. 2019)).

The Magistrate Judge entered his Report and Recommendation, finding that two special factors existed—an alternative remedial structure and legislation action. [53] at 6. The Magistrate Judge held that an alternative remedial structure existed in the prison's remedial system and that Congress legislatively created a remedy for prisoner abuse in the Prison Litigation Reform Act of 1996. *Id.* Because of these two special factors, the Magistrate Judge recommended *Bivens* not be extended to Freeman's claim. *Id.* The Magistrate Judge further recommended Lindo's Motion to Dismiss [44] be granted and Freeman's Motion in Opposition [46] be denied. *Id.* Freeman filed no objection to the Report and Recommendation. After

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).

review of the record, the Court, being fully advised in the premises, finds that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [53] of United States Magistrate Judge F. Keith Ball, entered in this cause should be, and the same is, adopted as the finding of this Court. Lindo's Motion to Dismiss [44] is GRANTED, and Freeman's Motion in Opposition [46] is DENIED. The claims against Lindo are DISMISSED WITH PREJUDICE.

SO ORDERED, this the 23rd day of February, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE