UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEMETRIUS TERRELL FREEMAN                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:19-CV-421-KHJ-FKB

LIEUTENANT UNKNOWN PROVOST;                              DEFENDANT
R. LINDO; and UNKNOWN INDIVIDUAL

ORDER

Before the Court is Plaintiff Demetrius Terrell Freeman's Motion for

Reconsideration or Notice of Appeal [58]. For the reasons below, the Court denies

this motion.

I.      Facts and Procedural History

On January 25, 2021, United States Magistrate Judge F. Keith Ball entered

his Report and Recommendation [53] on Defendant R. Lindo's Motion to Dismiss

[44]. Freeman did not file timely objections to the Report. The Court entered its

Order, adopting the Magistrate Judge's findings that the Court has not previously

extended *Bivens*[1] to an Eighth Amendment excessive force claim, and no special

circumstances apply to extend it here. [54]. As a result, the Court granted Lindo's

Motion to Dismiss [44].

---

[1] *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Freeman filed his Objections [55] a week after the Court entered its Order—nearly three weeks after they were due. Even so, the Court considered these Objections. [57]. Finding they did not address any new argument this Court or Magistrate Judge had not considered, this Court overruled Freeman's Objections. *Id.*

Freeman now brings his Motion for Reconsideration or Notice of Appeal, arguing his claim against Lindo is not a "new context" for *Bivens* to be applied. [58] at 1.

II.     Analysis

Freeman styles his motion as both a Motion for Reconsideration and a Notice of Appeal. [58]. As explained below, Freeman does not state a basis for reconsideration and does not have a right to appeal the Court's Order without permission from the Court, which the Court declines to grant.

A.     Motion for Reconsideration

Because Freeman filed his motion within twenty-eight days of the Court's Order [57], the Court analyzes it under Federal Rule of Civil Procedure 59(e). *Eagle Transp., LLC v. Scott*, 887 F. Supp. 2d 718, 720 (S.D. Miss. 2012). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (quoting *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009)). There are three possible grounds for reconsideration

under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 720 (quoting *Williamson Pounders Architects v. Tunica Cnty., Miss., P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008)).

Freeman argues the Court's previous ruling is a clear error of law because his claim is not a "new context" for *Bivens*. [58] at 1. Freeman cites two cases for this contention: *Wilkins v. Gaddy*, 559 U.S. 34 (2010) and *Poullard v. Edwards*, an opinion Freeman says the Fifth Circuit issued on March 30, 2020. *Id.* at 1-2. *Wilkins* involved an Eighth Amendment violation brought under 42 U.S.C. § 1983 and does not mention *Bivens*. 559 U.S. at 34-35. The Court therefore finds *Wilkins* does not apply here and does not show this Court made a clear error of law.

As to Freeman's second argument, the Fifth Circuit does not appear to have issued an opinion in *Poullard v. Edwards* on March 30, 2020. The Court has located two decisions bearing these litigants' names—a Fifth Circuit opinion dated March 22, 1995, and a Middle District of Louisiana opinion dated March 30, 2020. *Poullard v. Edwards*, 51 F.3d 1043 (5th Cir. 1995); *Poullard v. Edwards*, No. 19-301-SDD-RLB, 2020 WL 2609042 (M.D. La. Mar. 30, 2020). The Fifth Circuit opinion denies an appellant's motion for leave to proceed in forma pauperis in his habeas corpus appeal. *Poullard*, 51 F.3d at 1043. The Middle District of Louisiana opinion analyzes a plaintiff's § 1983 claims. *Poullard*, 2020 WL 2609042, at *1. Neither opinion discusses *Bivens* or whether it is the correct vehicle for an Eighth Amendment

excessive force claim and therefore cannot be the basis for a clear error of law in the Court's previous Order [57].

Because Freeman fails to show the Court's previous Order [57] is based on a clear error of law, the Court denies his request for reconsideration.

B.      Notice of Appeal

Freeman alternatively requests that the Court construe his Motion as a notice of appeal of the Court's Order [57]. This Order is not a final decision nor is it an interlocutory order from which the Fifth Circuit has jurisdiction to hear an appeal. 28 U.S.C. §§ 1291-92. The Order therefore is appealable only if the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court's Order [57] involves whether an Eighth Amendment excessive force claim can be brought under *Bivens*. There can be no substantial ground for differences of opinion on this question, as no court in this circuit has allowed such a claim under *Bivens*. The Court therefore declines to construe Freeman's motion as a notice of appeal. Freeman will be allowed to appeal the Court's dismissal of the claims against Lindo once the Court has entered a final judgment.

III.   Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's

4

decision. For these reasons, the Court DENIES Freeman's Motion for

Reconsideration or Notice of Appeal [58].

SO ORDERED, this the 13th day of May, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE