IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIUS TERRELL FREEMAN | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:19-cv-421-KHJ-FKB |
| LIEUTENANT UNKNOWN PROVOST, R. LINDO, and UNKNOWN INDIVIDUAL | DEFENDANTS |

## REPORT AND RECOMMENDATION

This is a *Bivens*[1] action brought by a federal prisoner challenging actions allegedly taken against him by Defendants while he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).[2] Demetrius Terrell Freeman alleges that Defendants, officers at FCC-Yazoo, were involved in an incident during which they allegedly used excessive force against him. The Court has previously dismissed Plaintiff's claims against Defendant Reuben Lindo, finding that "Plaintiff's Eighth Amendment claims against Defendant Lindo for excessive force, as well as a broadly construed claim for failure to intervene against a use of excessive force, may not be brought pursuant to *Bivens*." *See* Report and Recommendation [53] at 6; *see also* Order [54] *adopting* [53]. Subsequently, Defendant Donovan Provost responded to the Complaint with the pending Motion to Dismiss [66]. Plaintiff initially filed two Motions to Amend his complaint, *see* [69], [72], in response to the Motion to Dismiss. Thereafter, Plaintiff responded to the Motion to Dismiss. *See* [74]. Defendant Provost has responded to the Motions to Amend and has filed a Reply in support of his Motion to Dismiss. *See* [71], [78], [79]. Having considered the filings, the undersigned recommends that the Motion to Dismiss [66] be

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] Plaintiff is currently housed at the United States Penitentiary in Atwater, California.

granted, and that Freeman's Motions to Amend, *see* [69], [72]. be denied.  Consequently, the undersigned recommends that this action be dismissed.

I. DISCUSSION

The Court has previously set forth in detail Plaintiff's claims and allegations of fact.  *See* [53] at 1-3. In sum, Plaintiff alleges that Defendants Lindo, Provost, and an unknown officer used excessive force against him on or about December 5, 2017.  In Provost's Motion to Dismiss, he argues, *inter alia*, that the complaint fails to state a claim upon which relief may be granted because no remedy currently exists under *Bivens* for Freeman's alleged Eighth Amendment claim of excessive force.  *See* [67] at 4-7.  Provost also asserts that *Bivens* should not be extended to include such a claim.  *Id.*

A. Motions to Amend

In response to Provost's Motion to Dismiss, and in an effort to avoid dismissal, Freeman has filed two motions to amend his complaint.  *See* [69], [72]. Freeman tries to work round the bar to his Eighth Amendment claim by arguing that the Court should allow him to amend his complaint to allege excessive force claims based on the Fourth Amendment instead of the Eighth Amendment.  *See* [69] at 1-2; [69-1] at 1; [72] at 1; [72-1] at 4.  This attempt to amend his complaint, however, does not provide a solution for Freeman.  It is well-settled that "'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  Furthermore, the Supreme Court "has been markedly unwilling to concede that the Fourth Amendment protects inmates after incarceration."  *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993)(citing cases).

Accordingly, the undersigned recommends denial of this proposed amendment based on futility. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted.").

Likewise, Freeman's attempt to amend his complaint to add denial of medical attention claims against Provost should be denied. In his original complaint, Freeman did not assert any denial of medical attention claims against Provost. *See* [1] at 4. As the events on which these claims are based allegedly occurred on December 7, 2017, the three-year statute of limitations for *Bivens* claims expired over one year ago. *See Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008)(citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999)); *see also* Miss. Code Ann. 15-1-49. Moreover, Freeman has failed to allege facts sufficient to support a claim against Provost. *See Marucci Sports L.L.C. v. NCAA*, 751 F.3d 368, 378-379 (5th Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In any event, such a claim does not appear cognizable under existing authorities. *See Abdo v. Balsick*, No. 18-cv-1622-KMT, 2019 WL 6726230, at *6 (D. Colo. Dec. 11, 2019)(finding that a claim for prison guard's failure to provide medical care after use of chemical spray would present a new *Bivens* context).

Finally, Freeman seeks to assert a claim against Bureau of Prisons Attorney Michael Figgsganter based upon 42 U.S.C. § 1985(3). *See* [72-1] at 8-9. Plaintiff asserts that Figgsganter

conspired to deprive him of his due process rights by "obstructing justice" during the course of his attempts to serve Defendant Provost. *See id.* at 8.

This amendment should be denied for several reasons, including that these allegations do not arise out of the same "conduct, transaction, or occurrence set out" in his original complaint. *See* F.R.C.P. 15 (c)(1)(B). Furthermore, the proposed claims must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, "[t]he requirement that a pleading adequately establish the grounds for relief is especially compelling with respect to actions against federal employees in the exercise of their official duties because they are particularly vulnerable to reprisal lawsuits that arise out of their actions." *Delgado v. Federal Bureau of Prisons*, 727 F. Supp. 24, 27 (D. D.C. 1989)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982)). As stated in *Harlow*, "insubstantial lawsuits undermine the effectiveness of government as contemplated by our constitutional structure and 'firm application of the Federal Rules of Civil Procedure' is fully warranted in such cases." *Harlow*, 457 U.S. at 819-820 n.35. Accordingly, for the foregoing reasons, as well as other bases not discussed here, the undersigned recommends that Plaintiff's Motions to Amend, [29], [72], be denied.

   B.  <u>Motion to Dismiss</u>

Turning to the Motion to Dismiss, Provost argues that Plaintiff's claims against him should be dismissed based on the Court's previous finding that the *Bivens* remedy does not extend to a federal prisoner's allegations of excessive force under the Eighth Amendment. The undersigned agrees. Based on the reasoning set forth in the previous Report and Recommendation [53] entered in this action, the undersigned finds that the Motion to Dismiss

should be granted.  Plaintiff's Eighth Amendment excessive force claims against Defendant Provost would present "a new context" differing in "a meaningful way" from previous extensions of *Bivens*.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2009); *see also Brown v. Nash*, No. 3:18-cv-528-DPJ-JCG, 2019 WL 7562785, at 4-6 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020)(finding that *Bivens* could not be expanded to provide relief to a federal prisoner who claimed that application of chemical spray constitutional cruel and unusual punishment under the Eighth Amendment).

II.     CONCLUSION

For the reasons discussed in this Report and Recommendation, the undersigned recommends that Defendant's Motion to Dismiss [66] be granted, and Plaintiff's Motions to Amend, [69], [72], be denied.  The undersigned further recommends that this action be dismissed in its entirety.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 3rd day of January, 2022.

s/ F. Keith Ball                                     .
UNITED STATES MAGISTRATE JUDGE