UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEMETRIUS TERRELL FREEMAN                                          PLAINTIFF


V.                                      CIVIL ACTION NO. 3:19-CV-421-KHJ-FKB


LIEUTENANT UNKNOWN
PROVOST and UNKNOWN
INDIVIDUALS                                                      DEFENDANTS


ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States

Magistrate Judge F. Keith Ball. [82]. The Report recommends that the Court deny

Plaintiff Demetrius Terrell Freeman's Motions to Amend [69], [72]; grant Defendant

Donovan Provost's Motion to Dismiss [66]; and dismiss the lawsuit with prejudice.

Written objections to the Report were due by January 18, 2022. The Report notified

the parties that failure to file written objections to the findings and

recommendations by that date would bar further appeal in accordance with 28

U.S.C. § 636. [82] at 5.

When no party has objected to a magistrate judge's report and

recommendation, the Court need not review it de novo. 28 U.S.C. § 636(b)(1) ("A

judge of the court shall make a de novo determination of those portions of the report

or specified proposed findings and recommendations to which objection is made.").

In such cases, the Court applies the "clearly erroneous, abuse of discretion and

contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Freeman brings this *Bivens*[1] action against prison officer Provost, alleging Provost and other guards at the Federal Correctional Complex in Yazoo City, Mississippi, used excessive force against him. The Court previously dismissed Freeman's claims against Defendant Reuben Lindo because "Plaintiff's Eighth Amendment claims against Defendant Lindo for excessive force, as well as a broadly construed claim for failure to intervene against a use of excessive force, may not be brought pursuant to *Bivens*." *See* Report and Recommendation [53] at 6; Order [54]. After that Order, Provost moved to dismiss [66], and Freeman filed two Motions to Amend his complaint. [69], [72].

The Magistrate Judge found that Freeman's Motions to Amend should be denied because the statute of limitations to add denial of medical attention claims has run, his amendments would not cure his *Bivens* deficiencies, and the proposed amendments include allegations that "do not arise out of the same 'conduct, transaction, or occurrence set out in his original complaint.'" [82] at 3-4 (citing F.R.C.P. 15(c)(1)(B)). Thus, the Magistrate Judge recommended that the Court should grant Provost's Motion to Dismiss and dismiss this case with prejudice. Freeman did not object to this Report and Recommendation. The Court finds that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of this Court.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [82] of United States Magistrate Judge F. Keith Ball, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Defendant Provost's Motion to Dismiss [66] is GRANTED, Freeman's Motions to Amend [69], [72] are DENIED, and this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 25th day of January, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE